UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| PATRICK PALERMO, | : |
| Plaintiff, | : |
| v. | : File No. 1:08-CV-218 |
| FIDELITY & GUARANTY INSURANCE COMPANY, | : |
| Defendant. | : |

RULING ON PLAINTIFF'S MOTION TO REMAND
(Paper 8)

I.  Introduction

Pursuant to 28 U.S.C. §§ 1441(a) and 1332(a)(1), Defendant Fidelity & Guaranty Insurance Co. timely removed this civil action from the Windsor County Superior Court on October 14, 2008, based on diversity of citizenship and an amount in controversy exceeding $75,000.  (Paper 1.)  Pursuant to 28 U.S.C. § 1447(c),[1] Plaintiff Patrick Palermo timely moved for remand on November 11, 2008.  (Paper 8.)  Because diversity of citizenship is not contested (Paper 4 (Compl.) at 1; see also Papers 8, 15), the issue is whether the amount in controversy requirement is satisfied.

---

[1] Under § 1447(c), an action removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

1

II. Background

Plaintiff, a Vermont resident, brought this action in state court against Defendant, a foreign corporation providing workers' compensation insurance to Plaintiff and his employer. (Compl. at 1.) Plaintiff alleges Defendant wrongfully denied benefits due him stemming from a work-related injury he suffered on February 15, 2006. Id. at 1-2. Defendant denied Plaintiff's claim for benefits on March 21, 2006 and the Department of Labor and Industry issued an Order of Benefits on March 28, 2006. Id. at 2. Plaintiff's three-count complaint includes allegations of bad faith, violation of the covenant of good faith and fair dealing, and consumer fraud. Id. at 2-3. Plaintiff seeks "a reasonable amount of compensatory damages reflecting the emotional and financial harm incurred as a result of the delay in payment of the benefits" and punitive damages as well as interest, costs, and attorney's fees. Id. at 4.

Defendant removed the case to this Court, asserting the parties are diverse and the Plaintiff "has alleged damages for emotional and financial claims, along with a claim for punitive damages. Although not specified, the Plaintiff is presumably seeking damages in excess of $75,000.00." (Paper 1 at 1). In the subsequent briefing, consisting of Plaintiff's motion to remand (Paper 8), Defendant's opposition (Paper 9), Plaintiff's reply (Paper 15), and Defendant's response to the reply (Paper

2

16), neither party mentions a specific dollar amount.  Defendant notes in its opposition:  "The showing that the Plaintiff demands in order to meet the $75,000.00 damage threshold for diversity jurisdiction is not one within the Defendants' [sic] current powers at this early stage in the litigation."  (Paper 9 at 3.)

III. Discussion

    A.    Federal Jurisdiction

"Federal district courts are 'courts of limited jurisdiction' whose powers are confined to statutorily and constitutionally granted authority."  Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006) (internal citations omitted).  Federal courts have original jurisdiction over cases where the matter in controversy exceeds $75,000 and there is diversity of citizenship.  28 U.S.C. § 1332(a)(1).  Such a case filed in state court may be removed to federal court under 28 U.S.C. § 1441(a), however, the removal statute is to be strictly construed.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941).

A defendant removing a case to federal court faces the general principle that removal is disfavored and remand favored.  Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the

3

removal statute narrowly, resolving any doubts against removability."). A defendant invoking jurisdiction has the burden of proving that "it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994) (internal citation omitted). The defendant "must support [jurisdictional] facts with 'competent proof' and 'justify [its] allegations by a preponderance of evidence.'" United Food & Commercial Workers Union Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (quoting McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). To determine whether the burden has been met, courts examine the complaint and the petition for removal. Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (internal citation omitted).

The amount in controversy, as a jurisdictional fact, is generally evaluated on the basis of the pleadings, viewed at the time the defendant files the notice of removal. Blockbuster, 472 F.3d at 56-57 (internal citation omitted). If the pleadings are inconclusive as to the amount in controversy, the court may look outside those pleadings to other evidence in the record. United Food, 30 F.3d at 305 (internal citations omitted). In an action with one plaintiff and one defendant, the plaintiff's claims may be aggregated to establish the jurisdictional amount.

4

Pollock v. Trustmark Ins. Co., 367 F. Supp. 2d 293, 300 (E.D.N.Y. 2005) (aggregating plaintiff's claims in calculating amount in controversy in a removed case). However, claims seeking the same damages under different theories may not be aggregated. Id. at 301.

   B.   Analysis

Neither the Complaint (Paper 4) nor the Petition for Removal (Paper 1) establish the amount in controversy requirement. The remainder of the record provides no additional concrete information regarding the potential value of Plaintiff's claims. Defendant argues that Plaintiff has it within his power to state affirmatively that his claims are for less than $75,000. (Paper 9 at 2.) This attempt to shift the burden to Plaintiff is misplaced. Though Plaintiff could have proactively sought to prevent federal jurisdiction by including a value in his complaint less than $75,000,[2] he is not required to do so. Plaintiff, as was his right, chose to file suit in state court. As Defendant wishes to litigate in federal court, it is its duty to show affirmatively that the requirements for removal jurisdiction are met. McNutt, 298 U.S. at 189. Plaintiff is not required to show that he would have been unable to file suit in

---

   [2]   See 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3725 (3d ed. 1998) (where plaintiff's complaint claims less than the statutory requirement of more than $75,000, the action cannot be removed).

5

federal court to succeed on his motion to remand.  Absent subject matter jurisdiction, the case may not proceed in this Court.  United Food, 30 F.3d at 301 (internal citation omitted); 28 U.S.C. § 1447(c).

Defendant cites Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781 (2d Cir. 1994), to support its assertion of subject matter jurisdiction.  The Tongkook court states that in a tort action involving unliquidated damages -- such as the case presently before the Court -- a district court should permit the case to proceed because, "where the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings."  Id. at 785.  Defendant's reliance is misplaced because the discussion in Tongkook concerns a case in which the plaintiff filed suit in federal court based on diversity jurisdiction and the defendant sought to dismiss the case for lack of jurisdiction, not a case in which a defendant sought to remove a case filed in state court, see id., a situation which requires the defendant to bear the burden to establish federal jurisdiction.

Defendant has not met its burden of showing Plaintiff's claims are worth more than $75,000.  Defendant has not adduced any competent proof justifying its allegation of federal jurisdiction by a preponderance of the evidence.  Defendant has done nothing more than allege that Plaintiff "presumably" seeks

damages over $75,000. (Paper 1 at 1; Paper 9 at 3.) In fact, Defendant admitted it is unable to make the required showing at this stage of the litigation. (Paper 9 at 3.)

IV. Conclusion

On the present record, the Court is unable to evaluate the value of Plaintiff's claims. In fact, it is possible a compensatory damage award may be quite low because it would compensate Plaintiff for the harm caused by the <u>delay</u> in payment of his benefits and would not reach the $75,000 limit. Because removal is disfavored and doubts should be resolved in favor of remand, the Court GRANTS Plaintiff's motion to remand (Paper 8) and the case is remanded to the Windsor County Superior Court.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 12th day of January, 2009.

/a/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge